The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Plaintiff,

v.

TRAILER–TRAIN, INC., a corporation, Defendant.

No. 75 C 510.

United States District Court, N. D. Illinois, E. D.

Aug. 30, 1978.

Robert R. Bateson, John C. Palmer, Jr., Gary L. Crosby, Chicago, Ill., for plaintiff.

Donald M. Rose, Moriarty, Rose & Hultquist, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This cause comes before the court on cross motions for summary judgment on defendant's counterclaim, Rule 56, Fed.R. Civ.Pro.

Plaintiff, a common carrier subject to the Interstate Commerce Act of 1887, as amended, 49 U.S.C. § 1, *et seq.*, began this action to recover unpaid storage and detention charges alleged to have accrued during the years 1972, 1973, 1974 and 1975. Defendant Trailer-Train, Inc., filed a counterclaim seeking to recover "overcharges" alleged to have been paid to plaintiff during the years 1972 through 1975.

This court has jurisdiction pursuant to 49 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 1337.

The undisputed facts relative to the counterclaim indicate that during the period of time from March 17, 1972 to February 3, 1975, defendant requested plaintiff carrier to make a number of interstate trailer-on-flatcar (TOFC) shipments of freight-all-kinds (FAK) over its railroad, from Chicago, Illinois, to various destinations. Many of those trailerloads of freight tendered by defendant involved the use of trailers furnished by plaintiff. These trailers moved subject to tariffs on file with the Interstate Commerce Commission. Plaintiff charged, and defendant paid, a total of $5,227.17 for detention charges assailed on 238 of those trailers even though the trailers had been returned to plaintiff's premises.

Defendant filed its counterclaim on April 17, 1975. The defendant contends that overcharges were assailed and paid in violation of the applicable tariffs because those tariffs do not permit detention charges to accrue once a trailer is returned to plaintiff's premises. In support of that contention, defendant argues that various pertinent items contained within the applicable tariffs are ambiguous and therefore should be construed against the tariff's drafter, in this case the plaintiff.

On November 7, 1975, (almost two years prior to the reassignment of the cause to this court), defendant moved for an order referring the following question to the Interstate Commerce Commission: "Whether, under the applicable tariffs and tariff items, plaintiff is entitled to charge for both detention and storage of trailers once the trailers have been returned to plaintiff's premises."

In support of its motion for referral, defendant argued that the doctrine of primary jurisdiction was applicable to the instant case. Since only the Commission could properly resolve "the peculiar transportation meaning" of such terms of art as "delivered", . . . "detention charges", . . . "delayed", "detained", . . . and "placement", it was defendant's position that the questions of tariff applicability, interpretation and construction required the Commission's expert analysis. (See De-

fendant's Memorandum in Support of Motion for an Order of Reference, at 5.)

On January 8, 1976, Judge Bernard Decker ordered that the above stated question be referred to the Interstate Commerce Commission.

On October 29, 1976, after both parties had filed voluminous statements, exhibits and arguments, that agency's Administrative Law Judge Nancy issued his initial decision which found in the affirmative to the above stated question. The initial decision was affirmed by the Commission on May 6, 1977.

On June 17, 1977, plaintiff's motion for summary judgment on Trailer-Train's counterclaim was filed. This motion requests the dismissal of defendant's claim for relief based on alleged "overcharges".

That motion is granted for the reasons stated below.

■ The referral of the dispositional issue of defendant's counterclaim to the ICC by virtue of the doctrine of primary jurisdiction was appropriate. It is obvious that the substance of the issue raised in defendant's counterclaim is identical to that which is raised in the question referred to the Commission. In *Great Northern Ry. Co. v. Merchants Elevator Co.,* 259 U.S. 285, 291, 42 S.Ct. 477, 66 L.Ed. 943 (1922), the Supreme Court noted that preliminary resort to the Commission is required where construction of a tariff is dependent upon an "enquiry of technical matters" within the scope of that agency's expertise, and the uniform application of the tariff or rule is essential. The parties agreed, and Judge Decker concurred, that the construction and application of the tariff items at issue in the present case is dependent upon an expert understanding of the peculiar words and phrases used within the transportation industry. The absence of expert resolution of the issue could result in a non-uniform application of the tariff items.

Administrative Law Judge Nancy answered the question referred to the Commission in favor of plaintiff's position. Judge Nancy found that the evidence presented by the parties, and the customary usage of the tariff terms by the transportation industry, indicated that equipment was "detained", as that term was used in the applicable tariffs, during such period of time as loading, or unloading, was incomplete and the carrier had not been furnished with a bill of lading, or receipt of delivery, by the shipper. Under the facts and circumstances presented in the instant case, Judge Nancy found that the plaintiff was entitled to charge for both storage and detention of trailers returned to plaintiff's premises.

Further, Judge Nancy found that the charges assailed by the plaintiff were neither unreasonable nor otherwise unlawful for the following reasons:

Detention charges and storage charges are levied and collected for two separate and distinct services performed by the carriers. It is clear from the record that the subject trailers were, during the period for which detention charges were levied, detained. They were loaded with shipper's freight and could not be used by the (plaintiff) for any other transportation purpose, *regardless of their location.* (Plaintiff) should be allowed to charge detention, and that charge will be part compensation to it and part penalty to discourage undue tying up of equipment, (citations).

Storage charges represent a different service. That is apparent from the fact that detention charges remain the same regardless of the physical location of the trailer. The storage charges, though, apply only when the trailer is at the carrier's TOFC ramp. They are charges for the use of railroad property and for protective services provided by the carrier. They have nothing to do with the detention of the trailer away from the railroad's use.

Since the two types of charges are collected for the performance of two types of services, and since nothing in this record indicates that either, standing alone, is in any way unlawful, it follows that it cannot be said that they are, individually

or in the aggregate, unjust, unreasonable, or otherwise unlawful.

*Trailer-Train Inc. v. The Atchison, Topeka, and Santa Fe Ry. Co.,* I.C.C. Docket No. 36302, Initial Decision, October 29, 1976 at page 4. (Original emphasis).

■ This court is bound by the facts found by the ICC. Defendant, in the course of its briefs supporting *its* motion for summary judgment on its counterclaim, attempts to persuade the court that the ICC order lacks any evidentiary basis, and that the tariff examined by the ICC is ambiguous. Since defendant, the party aggrieved by the order, failed to seek an action for review pursuant to 28 U.S.C. § 1336(c) within 90 days of the Commission's affirmation of the initial decision, the ICC order became final and binding on this court, *Locust Cartage Co. v. Transamerican Freight Lines Inc.,* 430 F.2d 334, 341 (1st Cir. 1970); *Elgin, Joliet and Eastern Ry. Co. v. Benj. Harris & Co.,* 245 F.Supp. 467, 474 (N.D.Ill. 1965).

■ Moreover, this court finds that the Commission's order is an appropriate basis for decision. When the Commission resolves a question within its primary jurisdiction, its resolution should not be set aside unless it is contrary to law, arbitrary, capricious or unsupported by substantial evidence. *Illinois Central R. R. v. Norfolk & Western Ry.,* 385 U.S. 57, 69, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 619-621, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *McLean Trucking Co. v. United States,* 387 F.2d 657, 661, 181 Ct.Cl. 170 (1967). After reviewing the record and weighing defendant's contentions in the light of these precepts, this court finds that there is a rational basis for the Commission's conclusion.

Since no further issues of fact or law require resolution, plaintiff's motion for summary judgment on defendant's counterclaim is granted.

The granting of plaintiff's motion effectively disposes of all questions of law raised by defendant's cross motion for summary judgment, and the disposition of those issues in favor of plaintiff is mutually exclu-sive of the possibility of granting summary judgment for defendant under the facts and law of this case. Therefore, defendant's cross motion is denied.

In light of the conclusions as aforesaid, summary judgment will enter for the plaintiff dismissing defendant's counterclaim.