Gregory A. Schmidt, Ely, King, Corcoran, Milstein & Beaudry, Springfield, Mass., for defendant.

Philip J. Hendel, Kamberg, Berman, Hendel, Gold & West, P. C., Springfield, Mass., for plaintiff.

In re PIONEER VALLEY INDOOR TENNIS CENTER, INC., d/b/a Pioneer Valley Racquet Club, d/b/a Merchant of Tennis, Debtor.

PIONEER VALLEY INDOOR TENNIS CENTER, INC., Plaintiff,

v.

COMMUNITY SAVINGS BANK, Defendant.

Bankruptcy No. 4–82–00285–G.
Adv. No. 4–82–0126.

United States Bankruptcy Court, D. Massachusetts.

June 10, 1982.

MEMORANDUM AND ORDER ON COMPLAINT FOR PRELIMINARY INJUNCTION

PAUL W. GLENNON, Bankruptcy Judge.

Pioneer Valley Indoor Tennis Center, Inc. (the "debtor") has filed a Complaint seeking to enjoin the Community Savings Bank (the "Bank") from foreclosing upon a parcel of property allegedly leased by the debtor from an entity called Loewkroetsch Realty Trust ("Loewkroetsch"). The facts are not substantially in dispute. For the reasons which appear below, the court grants judgment to the debtor on its Complaint.

FACTS

On June 4, 1973 the debtor executed a promissory note to the Bank for $350,000 secured by a first mortgage to the Bank on a large parcel of real estate owned by the

debtor. In actuality, the approximately nine-acre parcel had been divided into two separate portions, one owned by the debtor, and the other owned by Loewkroetsch. At the time of the loan, and as a condition thereto, Loewkroetsch conveyed its parcel to the debtor, and then the debtor reconveyed the property back to Loewkroetsch after the loan had been completed. However, the two parcels have always been used as part of the debtor's business operation, without particular regard for ownership distinctions.

On May 12, 1981, the Bank commenced foreclosure proceedings against both parcels, and received a judgment authorizing foreclosure on July 14, 1981. However, the Bank forbeared with actual foreclosure while the debtor attempted to sell its business at private sale. In that effort, the debtor was able to effect a Purchase and Sale Agreement for the two parcels. The purchase price for the entire business operation is $540,000, for which a deposit was made, the balance not being due until June 23, 1982.

On April 16, 1982, the debtor filed its voluntary petition. Sometime after the filing of the petition, the Bank began to advertise a foreclosure sale of the Loewkroetsch parcel, apparently because of its concern that the debtor's buyer would not be able to obtain the necessary financing to complete a private sale of the debtor's business. On April 26, 1982, the debtor filed a Complaint to Enjoin the Bank from taking any further action against the Loewkroetsch property.

At a hearing of the matter on April 27, 1982, the Court heard arguments of counsel and testimony from two witnesses concerning the overall background of the case, the opinion of the debtor's stockholder as to the value of the debtor's estate, and the opinion of the potential buyer as to the likelihood of a sale being consumated. It is conceded that the amount owed to the Community Savings Bank is in the vicinity of $300,000.

## DISCUSSION

Both sides have submitted extensive briefs on the question of whether the Bank may be enjoined from exercising its foreclosure rights. The debtor's principal argument is that because of its leasehold interest in the Loewkroetsch property, the automatic stay of § 362(a) of the Bankruptcy Code applies to the Bank's attempted foreclosure thereon. The Bank, on the other hand, argues that the automatic stay does not apply to this property since the debtor has no legal or equitable interest in the property.

Without addressing the merits of either of those arguments, I am of the opinion that a closer look at § 362(a) of the Bankruptcy Code resolves the matter very easily.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

\*   \*   \*   \*   \*   \*

(3) any act to obtain possession of property of the estate or of property from the estate;

\*   \*   \*   \*   \*   \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)

It is clear from the testimony heard, and from the arguments of counsel, that both sides have focused their sights upon § 362(a)(3), but neither has made reference to the clearly applicable language of subsection (6) of § 362(a). That language uniformly stays an entity, such as the Bank, from any attempt to collect a debt which existed prior to the filing date. The only operative fact in all the evidence before the court is that the only debt in question is that of the debtor to the Bank. It matters not that the Bank seeks to satisfy that debt out of property which stands in the name of an entity other than the debtor, for § 362(a)(6) makes no such distinction. [See *Matter of Jandel*, 8 B.R. 855, 7 B.C.D. 320 (Bkrtcy.S.D.Ohio 1981), where it was held that the stay bars action to collect or recover a claim against the debtor from any

source whatsoever, not just from the debtor itself.] Therefore, it seems clear that any act by the Bank which is capable of being characterized as an attempt to collect a pre-petition debt of this debtor would be a violation of the automatic stay, and should be enjoined as such, unless and until the Bank seeks appropriate relief under § 362(d)(1).

Finally, the court does not want the unnecessary duplication of evidence in this case, and therefore would be willing to accept the existing testimony and exhibits, already submitted, in connection with any complaint which the Bank might bring. Further, I wish to note at this time the absence of any expert testimony in the record and would caution counsel in that regard.

### CONCLUSION

Therefore, in accordance with the foregoing Memorandum, it is ORDERED:

1. That the Community Savings Bank be, and hereby is, enjoined from taking any further action with respect to that parcel of property heretofore referred to as "the Loewkroetsch property", and

2. That the injunction herein shall continue until such time as the court may order appropriate relief to the Bank under § 362(d) at which time, if such relief is granted, the injunction shall be deemed dissolved.

SO ORDERED.