928 F.2d 354
 21 Bankr.Ct.Dec. 833, Bankr. L. Rep. P 73,858
 VALLEY TRANSIT MIX OF RUIDOSO, INC.; Bill McCarthy
Construction Company, Inc., Plaintiffs,
and
Nail Plumbing & Heating, Inc., Plaintiff-Appellee,
v.
Ira B. MILLER; Charles C. Spann, Trustee; Arlene Spann;
Maurice Sanchez, Trustee; Violet Sanchez;
Marjorie C. Grantham, Defendants-Appellants,
B.C.R., Inc., Defendant-Appellee,
and
Ruidoso Recreation, Inc.; Federal Deposit Insurance
Corporation, successor in interest to FNB of Lincoln Co.
also known as Moncor; Wayne Townley, doing business as
Townley Plumbing and Heating; Richard Fox; Allied Stores,
Inc., doing business as T-Bird Home Centers; Slick Graham;
Beavers Sand & Gravel, Inc.; Robert Pior, doing business as
R & R Fence & Mftg.; Charles H. Anderson, doing business as
Charlie Anderson Backhoe & Dozer Service; E-Z TV &
Appliances; Village of Ruidoso Downs; Duke Insulation
Company, Inc.; John C. Alford; The Ruidoso News;
Hollywood Car Parts, Defendants.
 No. 90-2050.
 United States Court of Appeals,
Tenth Circuit.
 March 19, 1991.
 
 E. Douglas Latimer of Spann, Latimer & Hollowwa, Albuquerque, N.M., for defendants-appellants.
 Damon C. Richards of Sanders, Bruin, Coll & Worley, Roswell, N.M., for defendant-appellee.
 Before ANDERSON, TACHA, and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 This action was originally filed in the state district court of Lincoln County, New Mexico, and removed to federal court pursuant to the provisions of 12 U.S.C. Sec. 1819 by the Federal Deposit Insurance Corporation (FDIC), which, following removal, entered a disclaimer of interest. Plaintiffs Valley Transit Mix of Ruidoso, Inc., Bill McCarthy Construction Company, Inc. (McCarthy Construction), and Nail Plumbing and Heating, Inc. (Nail Plumbing) sought to foreclose on mechanics liens asserted against property owned by defendants Ira B. Miller, Charles C. Spann, Arlene Spann, Maurice Sanchez, Violet Sanchez, and Marjorie C. Grantham (together, the Miller Group). The district court entered a judgment holding that McCarthy Construction, Nail Plumbing, and defendant-cross-claimant B.C.R., Inc. (B.C.R.) had valid mechanics liens against the fee interest of the Miller Group and were entitled to foreclosure of such liens. The Miller Group has appealed,[1] challenging only that aspect of the district court's judgment entered in favor of B.C.R.[2] For the reasons set forth below we affirm.
 
 I.
 
 2
 The facts pertinent to this appeal are not in dispute. Briefly, the Miller Group leased the subject property to defendant Ruidoso Recreation, Inc. (Ruidoso) pursuant to a memorandum of lease dated April 14, 1982. Ruidoso then contracted with plaintiffs and B.C.R. for construction of an amusement facility known as Fantasy Mountain on the subject property.
 
 
 3
 B.C.R. last performed work and supplied materials for Fantasy Mountain on June 14, 1985. Fantasy Mountain was open to the public on June 21, 1985. B.C.R. recorded a claim of lien against the fee interest of the Miller Group on September 11, 1985.
 
 
 4
 Plaintiffs, who had also recorded lien claims against the subject property, commenced this action on May 13, 1986. Ruidoso then filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 16, 1986. On November 4, 1986, B.C.R. filed its cross-claim to foreclose its mechanics lien on the fee interest of the Miller Group. Upon motion by the Miller Group, an order was issued in the Ruidoso bankruptcy proceedings on November 20, 1986, which declared that the leasehold interest of Ruidoso in the subject property was not protected by the automatic stay provisions of 11 U.S.C. Sec. 362(a).
 
 
 5
 After removal of this action by the FDIC, the Miller Group moved for summary judgment asserting that B.C.R.'s cross-claim, filed on November 4, 1986, and based upon a claim of lien recorded on September 11, 1985, was not timely under N.M.Stat.Ann. Sec. 48-2-10, which provides in pertinent part that: "[n]o lien ... [is binding] for a longer period than one year after the claim has been filed unless the proceedings have been commenced in a court of competent jurisdiction within that time to enforce the lien...." B.C.R. conceded that its foreclosure claim was filed outside the one-year period under section 48-2-10, but argued that the automatic stay arising from the Ruidoso bankruptcy prevented it from foreclosing on the Miller Group's fee interest. According to B.C.R., the statutory enforcement period under section 48-2-10 was tolled pursuant to 11 U.S.C. Sec. 108(c), which provides in relevant part:
 
 
 6
 ... if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--... (2) 30 days after notice of the termination or expiration of the stay under section 362....
 
 
 7
 The district court agreed with B.C.R. and denied the Miller Group's motion. Thereafter, the district court, following a bench trial, entered its judgment in favor of McCarthy Construction, Nail Plumbing, and B.C.R.
 
 II.
 
 8
 On appeal, neither the Miller Group nor B.C.R. disputes that when a claim to foreclose a mechanics lien falls within the scope of the automatic stay, the enforcement period governing the claim is tolled by section 108(c). See In re Hunters Run Ltd. Partnership, 875 F.2d 1425, 1426-29 (9th Cir.1989). As briefed by the parties, the primary question presented on appeal is whether B.C.R.'s cross-claim fell within the scope of the automatic stay. The Miller Group reasserts its argument raised in the district court that because B.C.R. was attempting to foreclose its mechanics lien against only the Miller Group's fee interest and not the leasehold interest of Ruidoso, the debtor, B.C.R.'s foreclosure claim was not stayed by section 362 and, therefore, not subject to the provisions of section 108(c)(2). B.C.R. contends that even though it was seeking to satisfy a debt out of property that stood in the name of persons other than a debtor, section 362 makes no such distinction but, instead, bars any action to collect or recover a claim against a debtor from any source whatsoever, not just a debtor. Therefore, according to B.C.R. it was stayed from filing its foreclosure claim and protected by section 108(c)(2).[3]
 
 
 9
 We agree with B.C.R.'s position. The stay provisions of section 362 are broad. The stay protects not only property of the estate but also prohibits "any act to collect ... or recover a claim against the debtor...." See 11 U.S.C. Sec. 362(a)(6). Bankruptcy courts, construing section 362, have held that it precludes foreclosure of property when a debtor has a "leasehold" or "possessory" interest in the property and the debt sought to be satisfied out of the property is that of the debtor. In re Pioneer Valley Indoor Tennis Center, Inc., 20 B.R. 884, 885 (Bankr.D.Mass.1982); In re Barksdale, 15 B.R. 731, 732 (Bankr.W.D.Va.1981). Here, B.C.R.'s foreclosure claim was based upon a debt incurred by Ruidoso. Therefore, B.C.R.'s foreclosure claim was stayed by section 362, and the tolling provisions of section 108(c) applied to the claim.
 
 III.
 
 10
 The Miller Group also argues that B.C.R. is not entitled to recover on its mechanics lien because it failed to plead and prove that it was a licensed contractor as required by N.M.Stat.Ann. Sec. 60-13-30 (1978). However, there is no indication in the record that the Miller Group raised this precise issue to the district court. Under these circumstances, the Miller Group is precluded from arguing the issue on appeal. See, e.g., Baker v. Penn Mut. Life Ins. Co., 788 F.2d 650, 663 (10th Cir.1986).
 
 
 11
 Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The Miller Group also appealed that aspect of the judgment entered in favor of Nail Plumbing. However, on May 2, 1990, this court entered an order granting the Miller Group's motion to dismiss Nail Plumbing as a party
 
 
 [3]
 It is clear from the record that Ruidoso was still protected by the automatic stay when B.C.R. filed its cross-claim on November 4, 1986. Thus, B.C.R., by arguing that it was prevented from filing its cross-claim because of the stay arising out of the Ruidoso bankruptcy, necessarily admits that its cross-claim was filed in violation of that stay. Under the law of this circuit, any action taken in violation of the stay is void and without effect. Ellis v. Consolidated Diesel Elec. Corp., 894 F.2d 371, 372 (10th Cir.1990). Apparently, B.C.R. believes that any violation of the stay was cured by the bankruptcy court's subsequent lifting of the stay at the request of the Miller Group on November 20, 1986. We need not address B.C.R.'s apparent violation of the stay for two reasons. First, the parties have not raised the issue on appeal and, second, this court has recently recognized an equitable exception to claimed violations of the stay, see In re Calder, 907 F.2d 953, 956 (10th Cir.1990), and, therefore, a violation of the stay is not, in our view, a jurisdictional issue that must be examined sua sponte, see Burlington Northern, Inc. v. Northwestern Steel & Wire Co., 794 F.2d 1242, 1247 (7th Cir.1986) (court is not "at liberty to carve out an equitable exception to a jurisdictional rule")