# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-2078

———————

```
-------------------------------      *
                                     *
In Re: Just Brakes                   *
Corporate Systems, Inc.,             *
                                     *
      Debtor.                        *
-------------------------------      *
                                     *
David A. Sosne, Trustee,             *
                                     *   Appeal from the United States
      Plaintiff - Appellee.          *   District Court for the
                                     *   Eastern District of Missouri.
      v.                             *
                                     *
Reinert & Duree, P.C.; Gary          *
Robbins; Robbins & Associates,       *
Inc.; Estes & Estes, Inc.;           *
James C. Landes,                     *
                                     *
      Defendants - Appellants.       *
```

———————

Submitted: December 11, 1996

Filed: March 13, 1997

———————

Before FAGG, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

———————

LOKEN, Circuit Judge.

Appellants are judgment creditors of a Chapter 7 bankruptcy debtor, Just Brakes Corporate Systems, Inc. ("Just Brakes" or "debtor").  They appeal an order awarding Trustee David A. Sosne $100,717 in damages for appellants' willful violation of the automatic stay.  See 11 U.S.C. § 362.  We agree that appellants

violated the automatic stay but conclude that the damage award was an improper remedy and therefore reverse.

## I. Background.

In 1988, appellants obtained a state court judgment against Just Brakes for $104,583.33. In January 1991, Just Brakes assigned its only valuable asset, a registered trademark, to FGR Management, Inc. ("FGR"). Appellants promptly attacked the transfer as a fraudulent conveyance. The state court agreed, enjoined Just Brakes and FGR from further transfers, and scheduled a foreclosure sale of the trademark to satisfy appellants' judgment. Five minutes before that sale, Just Brakes petitioned for Chapter 11 protection and asserted its own claim to recover the trademark. The foreclosure sale was cancelled.

Appellants persuaded the bankruptcy court to dismiss the Chapter 11 case as "essentially a single asset reorganization case." In dismissing, the court observed that Just Brakes's claim to avoid its pre-petition assignment of the trademark to FGR "is an asset of the Bankruptcy estate," and that the rights of Just Brakes and others asserting claims to the trademark could be adequately protected at less cost in state court.

The parties then returned to state court, and the court scheduled a foreclosure sale of the trademark at noon on October 15, 1991. That morning, Just Brakes filed this Chapter 7 petition. Though notified of the filing, the state court allowed the sale to proceed, ordering that its proceeds be held in escrow while the parties "exhausted their legal remedies contesting the validity of

the . . . sale, or until further order of court."[1]  Nine days later, in the action here at issue, appellants applied to the state

[1]No one challenged the state court's decision to complete the foreclosure sale, doubtless because the sale proceeds exceeded the value debtor placed on the trademark in its Chapter 7 schedules.

court and were granted pay-out of the net sale proceeds, $100,717, without obtaining relief from the Chapter 7 automatic stay.

One year later, the Trustee sued to recover the sale proceeds for the bankruptcy estate, attacking debtor's January 1991 assignment of the trademark as a fraudulent conveyance, see 11 U.S.C. § 548, and seeking damages from appellants for willful violation of the automatic stay. When appellants demanded a jury trial of the avoidance issues, the Trustee dismissed that claim, and the district court remanded the case to the bankruptcy court for resolution of the "core" automatic stay issues.

The bankruptcy court granted summary judgment in favor of the Trustee. It found a violation of the automatic stay because appellants applied the trademark proceeds to their pre-petition judgment, knowing that debtor had asserted a claim to recover that asset. Turning to the question of remedy, the court concluded that it may award "[c]ompensation and punishment" for willful violation of the automatic stay in a contempt proceeding, and may also award money damages under its broad § 105(a) power to issue "necessary or appropriate" orders. It awarded as the "appropriate measure" of damages the $100,717 appellants received from the foreclosure sale. The district court affirmed. Appellants challenge the decision that they violated the automatic stay and the damage award.

## II. Violation of the Automatic Stay.

Appellants argue that they did not violate the automatic stay when they collected the foreclosure sale proceeds because Just Brakes transferred its entire interest in the trademark in January 1991, and state law does not allow the transferor to avoid a fraudulent conveyance. Acknowledging that the Trustee asserts a

-5-

claim to recover the trademark for the Chapter 7 estate, appellants argue that claim is neither "property of the estate" nor "property of the debtor" within the meaning of §§ 362(a)(2)-(5) *until the*

*Trustee has actually recovered the property.*  Thus, the Trustee's only remedy is to enjoin appellants' collection efforts under § 105(a) of the Code, as was done in Celotex Corp. v. Edwards, 115 S. Ct. 1493, 1498-1500 (1995).

The nature of debtor's present interest in the trademark is an interesting question[2] but one that we need not resolve because, by collecting the foreclosure sale proceeds, appellants violated § 362(a)(6), which provides:

> [A] petition filed under . . . this title . . . operates as a stay . . . of (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

Here, the trademark was sold to satisfy appellants' pre-petition "claim against the debtor" -- their 1988 judgment.  After the sale, appellants applied to the state court and received the sale proceeds out of escrow, clearly an "act to collect" on their judgment.  See Valley Transit Mix of Ruidoso, Inc. v. Miller, 928 F.2d 354, 356 (10th Cir. 1991).  This act prejudiced the Trustee's ability to litigate a competing avoidance claim on behalf of all creditors and was therefore inconsistent with the basic purpose of the automatic stay, "to prevent creditors from stealing a march on each other."  Brown v. Armstrong, 949 F.2d 1007, 1010 (8th Cir.

---

[2]We note that property of the bankruptcy estate is broadly defined in § 541(a)(1) of the Code.  See United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 & n.9 (1983).  But the nature and extent of the debtor's interest in property is governed by state law.  See Butner v. United States, 440 U.S. 48, 54-55 (1979).

1991) (quotation omitted).[3]  The bankruptcy court correctly concluded that appellants violated the automatic stay.

### III. The Appropriate Remedy.

The Trustee urged the bankruptcy court to award money damages under § 362(h), which provides that "[a]n individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  The bankruptcy court ruled that § 362(h) only applies to "individual" debtors, not to corporate entities such as Just Brakes.  We agree.[4]  As the Second Circuit persuasively explained, this construction of § 362(h) is required by the plain meaning of the word "individual," as used in the Bankruptcy Code, supported by the fact that § 362(h) was added to the Code as part of the "Consumer Credit Amendments" of 1984. See In re Chateaugay Corp., 920 F.2d 183, 186-87 (2d Cir. 1990); accord In re Goodman, 991 F.2d 613, 619 (9th Cir. 1993); In re Calstar, Inc., 159 B.R. 247, 260 (Bankr. D. Minn. 1993).  We reject earlier, contrary circuit decisions that did not give adequate weight to the statute's plain meaning.  See In re Atl. Bus. & Community Corp., 901 F.2d 325, 329 (3d Cir. 1990); Budget Serv. Co. v. Better Homes of Va., Inc., 804 F.2d 289, 292 (4th Cir. 1986).

---

[3]This factor distinguishes this case from cases holding that § 362(a)(6) does not automatically stay post-petition acts to collect creditors' *independent* claims against debtors' guarantors. See In re Alcom Corp., 154 B.R. 97, 115-16 (Bankr. D.D.C. 1993) (subsequent history omitted); In re Advanced Ribbons & Office Prods., Inc., 125 B.R. 259, 265 (B.A.P. 9th Cir. 1991).

[4]This court has not previously addressed the issue.  In Lovett v. Honeywell, 930 F.2d 625 (8th Cir. 1991), we assumed that § 362(h) damages could be awarded to a corporate debtor and affirmed the denial of damage relief.

Having denied the Trustee § 362(h) damages, the bankruptcy court went on to conclude that it may compensate *and punish* for a willful violation of the automatic stay under its inherent contempt powers, or its broad § 105(a) power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  But the power to punish for a statutory violation is a criminal law power.  It must be expressly conferred by Congress, and its exercise is often subject to the procedural safeguards that protect the criminally accused.  Even the judicial power to punish for criminal contempt of a court order is carefully distinguished from the power to remedy a violation of that order through civil contempt.  See, e.g., Shillitani v. United States, 384 U.S. 364, 368-72 (1966); Combs v. Ryan's Coal Co., 785 F.2d 970, 981 (11th Cir.), cert. denied, 479 U.S. 853 (1986).  We conclude that Congress has conferred no power to punish for a violation of § 362(a), other than the punitive damage authority in § 362(h).

On the other hand, we agree that bankruptcy courts have broad equitable powers to remedy violations of the automatic stay that injure a corporate debtor's estate.  Many courts have said that those who violate the automatic stay "may be held in contempt."  In re Computer Commun., Inc., 824 F.2d 725, 731 (9th Cir. 1987).  Calling this remedial power contempt overlooks a serious question whether bankruptcy courts have contempt powers after the 1984 Amendments.  Compare In re Sequoia Auto Brokers, Ltd., 827 F.2d 1281, 1290 (9th Cir. 1987), with In re Skinner, 917 F.2d 444, 448-50 (10th Cir. 1990).  More narrowly, it overlooks the fact that contempt is a remedy for violating court orders, not statutes.  See In re Calstar, 159 B.R. at 257-58.  Finally, even if a civil contempt power exists, we see little if any need to resort to it in this context because § 362(a), buttressed by § 105(a), confers

broad equitable power to remedy adverse effects of automatic stay violations.  See Celotex, 115 S. Ct. at 1498-99 & n.6; In re Taco Ed's, Inc., 63 B.R. 913, 931-32 (Bankr. N.D. Ohio 1986).

Having limited the scope of the bankruptcy court's remedial powers, we encounter a problem with the remedy awarded in this case, for neither the bankruptcy court nor the district court clarified whether the damages awarded[5] were compensatory or punitive.  Thus, we must examine whether the bankruptcy court's award -- the "value of the voidable transfer that resulted from the violation of the automatic stay" -- was properly compensatory.

The bankruptcy court relied upon In re Calstar in awarding the Trustee the value of the trademark as determined by the foreclosure sale.  But in Calstar, the bankruptcy court held that the assets in question were part of the debtor's estate *before* ruling that their value was the appropriate remedy for violation of the stay.  See 159 B.R. at 252-53.  Here, by contrast, the Trustee has never established his right to avoid debtor's pre-petition transfer and recover the trademark or its value for the estate.  Indeed, the Trustee dismissed his adversary avoidance claims so that he could pursue this § 362 claim in the bankruptcy court.  Thus, the value of the trademark is not an appropriate compensatory remedy.  At this stage of the proceedings, the Trustee's rights are preserved if appellants are ordered to pay the foreclosure sale proceeds (including interest on the proceeds from October 24, 1991) into escrow pending determination of whether those proceeds now belong to appellants, or to debtor's estate.

In making its damage award, the bankruptcy court observed that appellants' violation of the automatic stay "required the Trustee to incur the additional expense of litigating these actions."  But the court made no effort to quantify this expense.  In vacating the

_____

[5]Damages are not an equitable remedy.  Because Congress in § 362(h) did not grant authority to award damages to corporate debtors, only compensatory equitable remedies are appropriate.

-12-

$100,717 award and substituting an order to pay the proceeds into escrow, we do not foreclose the bankruptcy court from returning to

the question of remedy after the avoidance issues are finally resolved. For example, if the Trustee proves that the trademark proceeds belong in the debtor's estate, then appellants' violation of the automatic stay has needlessly cost the estate delay and litigation expense. On the other hand, if the Trustee fails to prove his avoidance claim, then the Trustee has pursued a lost cause, and the expense he incurred is a self-inflicted wound.

For the foregoing reasons, the district court's March 29, 1996, order is reversed and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.