**In the Matter of Merlyn L. JOHNSON, Debtor.**

**Bankruptcy No. 96–41195.**

United States Bankruptcy Court, D. Nebraska.

April 14, 1997.

W. Eric Wood, Omaha, NE, for Debtor.

Michael R. Snyder, Kearney, NE, for Pueblo Chemical & Supply Co.

Richard Lydick, Chapter 12 Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This bankruptcy case was dismissed on January 10, 1997, under section 1208(c) of the Bankruptcy Code for failure to timely file a plan. The court retained jurisdiction to determine whether the automatic stay was violated by a creditor's post-petition levy upon property owned by a third party. I conclude that the stay was not violated.

### FACTS

The debtor, Merlyn L. Johnson, is also known as Mert Johnson and does business under the name Mert's Aerial Spraying. The debtor owns the stock of a corporation named Mert's Aerial Spraying, Inc. (the "Corporation"). Pueblo Chemical & Supply Company ("Pueblo") obtained a judgment against Merlyn Johnson, a/k/a Mert Johnson d/b/a Mert's Aerial Spraying, in the District Court of Harlan County, Nebraska on May 30, 1996. The debtor filed this bankruptcy case on July 11, 1996. On November 19, 1996, Pueblo filed a Praecipe for Execution with the district court seeking issuance of a writ of execution on personal property of "Mert's Aerial Spraying" to satisfy the judgment entered on May 30, 1996. The sheriff levied upon two vehicles owned by Merlyn L. Johnson and upon personal property owned by the Corporation.

The praecipe filed by Pueblo identified specific personal property upon which the sheriff was requested to levy. Pueblo attempted to list only property owned by the Corporation. However, Pueblo listed some vehicles owned by Merlyn Johnson. Pueblo's inadvertent listing and levy upon the two vehicles owned by debtor, Merlyn L. Johnson, was due to the fact that the debtor listed these vehicles in his bankruptcy schedules as being owned by the Corporation. Merlyn L. Johnson, therefore, does not assert the levy upon his two vehicles as a basis for his contention that Pueblo violated the stay. Merlyn L. Johnson only asserts that the automatic stay was violated by Pueblo's obtaining a writ of execution for, and levying upon, property owned by the Corporation.

On December 6, 1996, the debtor filed a Motion for Order to Show Cause why Pueblo and its attorney should not be held in contempt for willful violation of the automatic stay.

### DISCUSSION

The issue before the court is obfuscated by the allegation that there has been a wrongful levy under Nebraska law. That issue is not before the court. My inquiry is limited to whether Pueblo's levy upon assets of the Corporation violated the automatic stay. The Corporation is not a bankruptcy debtor and its assets do not constitute property of the bankruptcy estate under § 541.

The debtor relies exclusively upon section 362(a)(6) of the Bankruptcy Code which provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities of—...

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a case under this title;

11 U.S.C. § 362(a)(6).

The debtor's assertion that Pueblo violated the automatic stay by enforcing its claim against a third party is without merit. It has long been recognized that section 362 does not provide a co-debtor stay. Except as provided in sections 1201 and 1301 of the Bankruptcy Code, a creditor is permitted to sue a guarantor or a co-debtor and to collect from property of a third party that is pledged to secure debts of the debtor. *See In re Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259 (9th Cir. BAP 1991)

and *In re Torrez,* 132 B.R. 924 (Bankr. E.D.Cal.1991) and cases cited therein. This case is analogous. Pueblo has, in its view, a claim against the Corporation. The debtor disputes the claim. The fact that the validity of Pueblo's claim is disputed does not change the fundamental fact that Pueblo is asserting its claim against a third party which is, allegedly, liable to Pueblo. Whether that alleged liability is as a co-debtor or otherwise, the automatic stay does not apply. The automatic stay was not violated by levying upon the Corporate assets.

Pueblo did not act to collect, assess, or recover its claim from Merlyn L. Johnson, nor did Pueblo seek recourse against property of Merlyn L. Johnson, or against property of the bankruptcy estate. I disagree with decisions which read section 362(a)(6) to prohibit the enforcement of a debtor's obligation, against co-debtors, or against property of third parties. *See, In re Jandel,* 8 B.R. 855 (Bankr.S.D.Ohio 1981); *In re Pioneer Valley Indoor Tennis Center, Inc.,* 20 B.R. 884 (Bankr.D.Mass.1982).

IT IS THEREFORE ORDERED AND DECREED, that Pueblo did not violate 11 U.S.C. § 362.

IT IS SO ORDERED.